UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STEPHEN ZACHARY TODD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-140-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, d/b/a | ) | **MEMORANDUM OPINION** |
| MR. COOPER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper, ("Nationstar") has moved to dismiss Plaintiff Stephen Todd's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 7] After reviewing the parties' arguments, the undersigned is satisfied that Todd fails to state a Kentucky Revised Statutes ("KRS") § 382.365 lien release claim and fails to state a negligence claim. As a result, this matter will be dismissed with prejudice.

**I. Background**

On April 22, 2024, Todd satisfied a debt owed on real property in Jessamine County, Kentucky that was encumbered by a mortgage as security. [Record No. 1-1 at 4] Nationstar was assigned the mortgage after a couple of prior assignments. [Record No. 7-1 at 2] Todd reached out to Nationstar by email dated August 2, 2024, because more than thirty days had passed since satisfaction and the mortgage had not been released. [Record No. 1-1 at 5–6] He emailed ResearchIncoming@mrcooper.com stating: "I paid my loan off in April and still have not received my lien release. [Loan #] This is the loan number. I contacted the county I live

- 1 -

in and they haven't received it either." [Record No. 7-2]  He received a letter from Nationstar on August 22, 2024, indicating that the release was on hold with a third-party vendor but that once it was received it would be sent to the county for recording.  [Record No. 10 at 5]

After nearly seven months with no apparent action on Nationstar's part, Todd had his attorney send it a demand letter and email on March 14, 2025.  [Record Nos. 10 at 7–8 and 7-1 at 2]  Four days later, Nationstar executed a deed of release on the mortgage, and the lien was recorded in the office of the Jessamine County Clerk the next day.  [Record No. 10 at 2–3]

Then, on March 28, 2025, Todd filed this lawsuit in Jessamine Circuit Court against Nationstar.  [Record No. 1-1 at 5]  His Amended Complaint asserts that Nationstar is liable under to KRS §§ 382.365 (4) and (5) for failing to release the mortgage lien in the amount of $100 per day from August 17, 2024 (fifteen days after he sent the email), through September 16, 2024, and $500 per day from September 17, 2024, through March 19, 2025 (Count I); and that Nationstar is liable for negligence for failing to release the lien within thirty days (Count II).  [Record No. 1-1]

Nationstar removed the action to this Court on April 23, 2025.  [Record No. 1]  It then moved to dismiss both claims, arguing that Todd's first claim fails because he did not follow the required notice procedures and that his second claim cannot proceed because he did not identify a duty Nationstar owed and did not allege damages.  [Record No. 7]

## II.  Legal Standard

For a plaintiff to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  While the Court need not accept legal conclusions or unwarranted factual inferences, the allegations in the complaint must be accepted as true and all reasonable inferences must be construed in the plaintiff's favor.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  However, the Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Courts are generally limited to considering the pleadings in addressing a motion to dismiss, but they may consider certain items without converting the motion to one for summary judgment.  This includes materials such as public records, exhibits attached to the complaint, and those attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein."  *Bassett*, 528 F.3d at 430.

### III.  Analysis

**KRS § 382.365**

"When interpreting a statute, the Court is to assume that the General Assembly intended the statute to mean exactly what it says."  *Bratton v. CitiFinancial, Inc.*, 415 S.W.3d 625, 628 (Ky. 2013) (citing *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005)).  KRS § 382.365 provides that "[a] holder of a lien on real property, . . . shall release the lien in the county clerk's office where the lien is recorded within thirty (30) days from the date of satisfaction."  It further provides that the "assignee of a lien on real property shall record the assignment in the county clerk's office."  KRS § 382.365(2).  The statute allows an owner of the real property to file an action against a lienholder that violates either of these subsections. KRS § 382.365(3).

Once an action is initiated, the process is as follows:

> [u]pon proof to the court of the lien being satisfied by payment in full to the final lienholder or final assignee, the court shall enter a judgment noting the identity of the final lienholder or final assignee and authorizing and directing the master commissioner of the court to execute and file with the county clerk the requisite release or assignments or both, as appropriate.

KRS § 382.365(4).

In addition to this remedy, two provisions allow a daily penalty to accrue for the duration that the satisfied lien is not released. KRS § 382.365(4)–(5). But there are two prerequisites to the imposition of those penalties: (1) the lienholder must have received written notice by certified mail or by in-person delivery and (2) there must be no good cause for the delay. *Id.* ("This written notice shall be properly addressed and sent by certified mail or delivered in person to the final lienholder or final assignee."). And actual notice is insufficient to satisfy the notice requirement. *See Bratton v. CitiFinancial, Inc.*, 415 S.W.3d 625, 628 (Ky. 2013) (acknowledging the Court of Appeal's determination that the statutory notice requirements are mandatory but deciding the case on alternative grounds); *Union Planters Bank, N.A. v. Hutson*, 210 S.W.3d 163, 166 (Ky. Ct. App. 2006) ("KRS 382.365 expressly requires that the notice must be received before a penalty may be imposed. It is an element of the cause of action and is the date from which the penalties are calculated.").

Nationstar argues that the statutory penalties are foreclosed because Todd did not satisfy the notice requirement until mid-March 2025 when his attorney sent a demand letter by certified mail. [Record No. 7-1 at 4–5] It further argues that Todd also failed to comply with the proper address requirement when he emailed Nationstar. *Id.* at 6. Therefore, any email correspondence (notwithstanding any response Todd may have received) falls short of the notice mandate.

But Todd insists that such a curt reading of the statute undermines the legislative intent and ignores the mischief it sought to remedy. [Record No. 9 at 1] And in any event, Nationstar received actual notice of its deficiency, yet failed to act until a lawyer, and not an ordinary citizen, made a demand. *Id.* at 12. Therefore, strictly construing the statute to bar recovery would ignore that the legislature sought to protect individuals like Todd from the wrongful conduct of mortgage holders. *Id.* at 10.

There are two issues with Todd's attempted use of KRS § 382.365. The first one Nationstar addresses, *i.e.*, Todd's failure to provide the type of notice required by the statute. As here, where a statute includes a specific notice requirement "the Court is to assume that the General Assembly intended the statute to mean exactly what it says." *See Bratton*, 415 S.W.3d at 628. Because Nationstar executed a deed of release on the mortgage and recorded the lien within a few days, Todd has no entitlement under the statute which requires that at least fifteen days lapse after statutory notice before penalties accrue. KRS § 382.365(4).

The second issue is that the statute outlines a judicial process that assumes the lien has yet to be released when the action is filed. KRS § 382.365(4) ("[T[he court shall enter a judgment noting the identity of the final lienholder or final assignee and *authorizing and directing the master commissioner of the court to execute and file with the county clerk the requisite release*[.]") (emphasis added). But here, Todd instigated this matter roughly ten days *after* Nationstar executed a deed of release on the mortgage and had the lien recorded with the Clerk. So even if Todd had provided proper notice of Nationstar's failure, it does not appear that the statutory penalty would be available to him at the time he filed suit. This construction is further supported by the preceding provision which provides "[a] proceeding filed under this section shall be given precedence over other matters pending before the court." KRS §

382.365(3). Therefore, the expedited nature of such proceedings suggest that they were intended to secure relief quickly for the mortgagee where the mortgagor had failed to act in accordance with the statute.

**Negligence**

To state a negligence claim under Kentucky law, a plaintiff must establish "(1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached the applicable duty of care, (3) causation, including both cause in fact and proximate cause, and (4) that the plaintiff was damaged by the breach of the duty of care." *McKenzie v. Allconnect, Inc.*, 369 F. Supp. 3d 810, 817 (E.D. Ky. 2019) (citation modified).

Nationstar makes two arguments concerning deficiencies with Todd's negligence claims. It first contends that it owed Todd no duty as their relationship was strictly contractual. [Record No. 7-1 at 7] But seeming to abandon that line of argument after Todd asserted that it had a statutory duty under KRS § 382.365(1) to release and record the lien within thirty days of satisfaction, it doubled down on its second argument that Todd failed to adequately plead damages beyond the statutory penalties. [Record Nos. 7-1 at 9; 10 at 10–11; 11 at 7–8 ] More specifically, it maintains that Todd's Amended Complaint is bereft of any basis for damages, and his response merely adds a vague notion that he incurred "costs and fees to secure what he was statutorily and contractually entitled to." [Record No. 11 at 8 (citing Record No. 10 at 2)]

Todd counters this argument by asserting that his claim for negligence is sufficiently pled under the standard in Kentucky state courts "where complaints couched in 'general and conclusory terms'" are sufficient. [Record No. 10 at 11 (citing *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 241 (Ky. 2020))] However, contrary to Todd's assertion, Rule 81(c)(1) of the Federal Rules of Civil Procedure establishes that federal pleading standards apply to

state law claims once they are removed to federal court. This includes the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518–19 (E.D. Ky. 2015). Here, Todd fails to plausibly allege that he has suffered damages, which is fatal to his negligence claim.

## IV. Conclusion

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's motion to dismiss [Record No. 7] is **GRANTED**.

2. Plaintiff Stephen Todd's KRS § 382.365 and negligence claims are **DISMISSED**, with prejudice.

Dated: September 10, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky